**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Certain Underwriters at Lloyds a/s/o Opera Gallery Group Limited,<br><br>            Plaintiff,<br><br>        -v-<br><br>ESPA Cargo and Marquez Fine Art Services,<br><br>            Defendants, | 1:25-cv-5644<br>(NJC) (ST) |

**MEMORANDUM AND ORDER**

NUSRAT J. CHOUDHURY, United States District Judge:

Plaintiff Certain Underwriters at Lloyds ("Certain Underwriters") brings this bailment

and negligence action against Defendant ESPA Cargo ("EPSA") and Marquez Fine Art Services

("Marquez") (collectively the "Defendants"). (Compl., ECF No. 1.) The Court has reviewed the

Complaint and has determined that Certain Underwriters has failed to establish whether this

Court possesses diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). For the reasons set forth

below, Certain Underwriters must show cause by **March 11, 2026**, in writing, with all material

facts established by sworn affidavit, why this Court should not dismiss this action without

prejudice for lack of subject matter jurisdiction.

**LEGAL STANDARDS**

This Court has an independent obligation to determine whether subject matter jurisdiction

exists over this case. *See Joseph v. Leavitt*, 465 F.3d 87, 89 (2d Cir. 2006). "[F]ailure of subject

matter jurisdiction is not waivable and may be raised at any time by a party or by the court sua

sponte." *Lyndonville Sav. Bank & Tr. Co. v. Lussier*, 211 F.3d 697, 700 (2d Cir. 2000). If a

district court lacks subject matter jurisdiction, it must dismiss the action. *See Do No Harm v. Pfizer Inc.*, 96 F.4th 106, 120–21 (2d Cir. 2024); Fed. R. Civ. P. 12(h)(3).

"It is well-settled that the party asserting federal jurisdiction bears the burden of establishing jurisdiction," and district courts "may not assume subject-matter jurisdiction when the record does not contain the necessary prerequisites for its existence." *Platinum-Montaur Life Scis., LLC v. Navidea Biopharms., Inc.*, 943 F.3d 613, 617–18 (2d Cir. 2019) (quotation marks omitted). Diversity jurisdiction under 28 U.S.C. § 1332(a) requires complete diversity among the plaintiffs and defendants and that the amount in controversy exceed $75,000. *See Tagger v. Strauss Grp. Ltd.*, 951 F.3d 124, 126 (2d Cir. 2020).

Determining whether there is complete diversity requires assessing the citizenship of each party. "[F]or diversity purposes, a corporation is considered a citizen of the state in which it is incorporated and the state of its principal place of business." *Bayerische Landesbank v. Aladdin Cap. Mgmt. LLC*, 692 F.3d 42, 48 (2d Cir. 2012). By contrast, an "unincorporated association, unlike a corporation, does not possess legal personhood or identity separate from its members." *Windward Bora LLC v. Browne*, 110 F.4th 120, 128 (2d Cir. 2024). Accordingly, for jurisdictional purposes, unincorporated associations take the citizenship of their members. *Id.* at 128; *see also Jaser v. New York Prop. Ins. Underwriting Ass'n*, 815 F.2d 240, 242 (2d Cir.1987) ("The citizenship of an unincorporated association for diversity purposes has been determined for nearly 100 years by the citizenship of each and every member of that association.").

Allegations made "upon information and belief" are insufficient to establish a party's citizenship for purposes of diversity jurisdiction. *See Snyder Corp. v. Fitness Ridge Worldwide, LLC*, No. 18-cv-351, 2018 WL 1428254, at *2 (W.D.N.Y. Mar. 22, 2018) (establishment of complete diversity of the parties requires affirmative statements of the identity and citizenship of

2

all parties, and conclusory statements upon information and belief are insufficient); *see also*

*Enteado v. Hi-Power Cycles, LLC*, 2016 U.S. Dist. LEXIS 28880, at *2 (D.N.J. 2016)

("allegations made 'upon information and belief,' are insufficient to convince the Court that

diversity exists between the parties").

The second requirement of diversity jurisdiction—an amount in controversy of at least

$75,000—is equally important. "[A] plaintiff invoking federal jurisdiction must demonstrate a

'reasonable probability' that the amount-in-controversy requirement is satisfied." *Pyskaty v.*

*Wide World of Cars, LLC*, 856 F.3d 216, 223 (2d Cir. 2017) (citation omitted). The Second

Circuit "recognize[s] a rebuttable presumption that the face of the complaint is a good faith

representation of the actual amount in controversy." *Id.* The amount in controversy alleged must

be plausible, i.e., supported by facts in the complaint. *Wood v. Maguire Automotive, LLC*, 508 F.

App'x. 65, 65 (2d Cir. 2013) (affirming dismissal of complaint for lack of subject matter

jurisdiction where plaintiff's "allegation in her complaint of $75,000 in controversy is

conclusory and not entitled to a presumption of truth").

## DISCUSSION

The Complaint invokes jurisdiction based upon diversity of citizenship pursuant to 28

U.S.C. §1332. (Compl. ¶ 15.) It establishes that the amount in controversy exceeds $75,000 as

required for jurisdiction under 28 U.S.C. § 1332(a) because it seeks damages in an amount in

excess of $250,000. (Compl. ¶¶ 25, 30, 38, 43.) The Complaint fails, however, to plead sufficient

facts to demonstrate there is complete diversity between the parties for the following reasons.

First, the Complaint does not establish Certain Underwriters' own citizenship. It alleges

that Plaintiff Certain Underwriters "was and still is . . . a group of foreign syndicates and/or

underwriters of insurance policies . . . organized and existing under the laws of the United

Kingdom . . . with a principal place of business located at One Lime Street, London EC3M 7HA

England." (Compl. ¶ 1.) Although this pleading does not establish the type of entity that Certain Underwriters is, and therefore the jurisdictional rule that governs the determination of its citizenship, Certain Underwriters' Corporate Disclosure Statement reports that it is an unincorporated association with fourteen identified "participating underwriting entities." (ECF No. 16.) As a result, Certain Underwriters takes on the citizenship of each of its members. *Windward Bora LLC*, 110 F.4th at 128. Because neither the Corporate Disclosure Statement nor the Complaint establish or even address the citizenship of the fourteen participating entities, Certain Underwriters has not established its own citizenship.

Second, the Complaint pleads all of the facts alleged in support of the Defendants' citizenship "*upon information and belief.*" (Compl. ¶¶ 2–3 (emphasis added).) This qualification renders the factual allegations insufficient to establish the citizenship of any Defendant. *See Snyder Corp.*, 2018 WL 1428254 at *2; *Enteado*, 2016 U.S. Dist. LEXIS 28880 at *2. This is particularly true here because Defendants' answer denies the allegation within the Complaint that Marquez is "a company organized and existing pursuant to the laws of the State of New York with a principal place of business" in New York. (Compl. ¶ 3; Answer ¶ 3, ECF No. 14.) Indeed, it is not even clear from this pleading whether Certain Underwriters alleges Marquez to be a corporation or some other business entity, and Marquez has not filed a Corporate Disclosure Statement. As a result, the Complaint has not established the citizenship of Marquez.[1]

---

[1] On the present record, the citizenship of Defendant ESPA Cargo is established by its Corporate Disclosure Statement, which confirms that it is a privately held corporation (ECF No. 15), and ESPA Cargo's Answer, which admits to the allegation within the Complaint that it is "organized and exist[s] pursuant to the laws of the State of New York with a principal place of business" in New York. (Compl. ¶ 2; Answer ¶ 2.) Accordingly, ESPA Cargo is a citizen of New York.

**CONCLUSION**

For the reasons set forth above, Certain Underwriters must show cause by **March 11, 2026** in writing, with all material facts established by sworn affidavit, why this Court should not dismiss this case for lack of subject matter jurisdiction, without prejudice to filing in the proper forum.

If Certain Underwriters does not respond by **March 11, 2026**, or if Certain Underwriter's response does not show that the Court has subject matter jurisdiction over this action, the Complaint will be dismissed for lack of subject matter jurisdiction.


Dated: Central Islip, New York
        February 25, 2026


             */s/ Nusrat J. Choudhury*
             NUSRAT J. CHOUDHURY
             United States District Judge